NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-821**

KAREN GAIL KING

VERSUS

LESLIE ALLEN MOTON

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
LAKE CHARLES CITY COURT, NO. 05-958
HONORABLE THOMAS P. QUIRK, CITY COURT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain,[*] Judges.

**AFFIRMED.**

**James E. Burks**
**Attorney at Law**
**3112 Enterprise Boulevard**
**Lake Charles, LA 70601**
**(337) 474-6106**
**Counsel for Defendant/Appellant:**
        **Leslie Allen Moton**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Lee W. Boyer**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Plaintiff/Appellee:**
    **Karen Gail King**

**DECUIR, Judge.**

Karen Gail King filed suit against Leslie Allen Moton for reduction of the purchase price of a home she bought in June of 2004. Judgment was rendered in her favor, and Moton appeals. For the following reasons, we affirm.

The trial court rendered the following written opinion:

This matter was tried on February 6, 2009 on Karen King's Petition for Reduction of Price filed on April 28, 2005. Based on the evidence adduced, Karen King purchased a home at 1015 Clarence Street, Lake Charles, Louisiana on June 30, 2004 from Leslie Moton for $128,000.00. (King #1.) Leslie Moton continued to reside in the house and lease the house from Karen King until he vacated the home in October 2004. After Karen King moved in, she first realized a water puddle in the back first floor room which later turned in to the sheet rock coming off of the wall and water pouring into that particular room. She immediately called a repair man over to assess the problem and realizing that he could not correctly fix it, she contacted Kraus Construction to determine the extent of the problem and repair the damage.

Pictures of the damage were introduced into evidence as King #2 which revealed extensive rotten wood on the floor between the first and second stories on the back northwest corner of the home. Michael Kraus from Kraus Construction testified that he had to first demolish the side of the house to determine the extent of the problem and then replace approximately fifteen (15) floor joists that had been water damaged. He further testified that they went back and put plywood and styrofoam on the exterior of the home and covered that with vinyl siding and rebuilt the roof on the closet on the west side of the home. On the interior, his company replaced part of the sub floor, replaced some of the damaged flooring, and sheet rocked the room for painting.

His invoice was also introduced as King #1 which totaled $12,783.67. He also testified that he closed in an upstairs porch for Mrs. King that was unrelated to the water damage and the cost to perform that work was $1,770.00 which was included in this price. Accordingly, the cost to repair the damage sued for herein was $11,013.67. Karen King also testified that the repair man that she initially hired cost a minimum of $700.00 and Mr. Kraus testified that because of the work that had been done by the repair man his bill was not as much as it would have been had he done the whole thing. Karen King also testified that she had to have a painter come in to finish the job which cost a minimum of $1,500.00.

The Court holds that the Plaintiff is entitled to judgement in the amount of damages proven of $11,013.67 together with all costs of these proceedings and that plaintiff has failed to prove by a preponderance of

evidence any other specific damages.  A formal judgment will be signed when presented.

Louisiana Civil Code Article 2520 holds that a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold."  A defect can be redhibitory "when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price.  The existence of such a defect limits the right of a buyer to a reduction of the price."  La.Civ.Code art. 2520.  The trial court herein determined that the price of the home should be reduced by the cost of repairing the redhibitory defect.

King, the home buyer, immediately discovered a hidden defect which cost her over $11,000.00 to repair.  Evidence of the leak was undisputed, and, indeed, the defendant does not contest the finding of a redhibitory defect.  The only question before this court is the reasonableness of the damages awarded to the plaintiff.  Moton argues that the repair costs submitted by King are not specific because they include work done for King which was unrelated to the leak.  We find to the contrary, however, as Kraus itemized his charges in testimony before the trial court.

Moton further contends he could have repaired the home himself, with the assistance of a friend, for several thousand dollars less than King paid Kraus Construction.  Moton, however, is a member of the armed services, no longer lives in Louisiana, and is not a carpenter or in the construction business.  Finally, Moton urges the court to consider that the home was purchased for $10,000.00 less than its appraised value, a discount which should include the cost of repairing the leak at issue.  We note, however, that not only is there no appraisal in evidence, there is no proof that the agreed upon price for the sale of the home included a discount for repairs to be performed by the buyer.

2

"[T]he proper measure of damages in an action for reduction is the difference between the actual sales price and the price a reasonable buyer and seller would have agreed upon, if they had known of the defect." *Osborne v. Ladner*, 96-863, p.18 (La.App. 1 Cir. 2/14/97), 691 So.2d 1245, 1258. "The burden of establishing the amount of any reduction in the purchase price to which the buyer is entitled is upon the buyer." *Id*. "The trial court is afforded much discretion in its award of damages, and the appellate court should rarely disturb an award of damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994)." *Waddles v. LaCour*, 06-1245, p. 7 (La.App. 3 Cir. 2/7/07), 950 So.2d 937, 943, *writs denied*, 07-827, 07-882 (La.App. 3 Cir. 6/22/07), 959 So.2d 496,498.

Considering the evidence presented, particularly the testimony of Michael Kraus, who explained his charges for repairing the damage caused by the leak, we do not find the amount awarded by the trial court to be unreasonable. As it correlates directly with the amount proven by King to be her cost of repair, the sum awarded represents an appropriate reduction in the purchase price of the home. King had no responsibility to contact Moton and ask him to repair the leak as he saw fit.

Finding no manifest error in the judgment of the trial court, we affirm. Costs of the appeal are assessed to Leslie Allen Moton.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.